IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Charlottesville Division)

| | |
|---|---|
| INTERSTATE INDUSTRIES, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EOC INSTITUTE )<br>)<br>Defendant. ) | Case No:_____ |

**COMPLAINT**

Interstate Industries, Inc. ("Interstate"), by counsel, states as follows for its Complaint against EOC Institute ("EOC").

### I.  THE PARTIES

1. Interstate is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located at 167 Main Street, Lovingston, Virginia 22949. Since 1956, Interstate has researched the effect of audio on human consciousness and has applied its resulting theories to create and distribute mind-broadening audio products, which it has done since 1962.

2. Over the course of 50 years, Interstate has developed and perfected a patented process to produce various sounds in order to stimulate brain wave activity, known as Hemi-Sync® sounds, that help individuals achieve enhanced mental, physical and emotional states. Interstate has also produced audio recordings combining Hemi-Sync® sounds with original music to create an original product called Metamusic®. Interstate sells CDs and other items under the Hemi-Sync® mark. Over the years,

Interstate has achieved international recognition for its Hemi-Sync® process and products.

3. Upon information and belief, EOC is a California corporation with a principal place of business at 660 4th Street, #230, San Francisco, California 94107. EOC sells CDs under the EquiSync mark that purport to stimulate brain activity in order to help achieve a meditative state.

4. Interstate and EOC are competitors in that, at the very least, their Hemi-Sync® and EquiSync products are competitive products.

## II. JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 15 U.S.C. §1121, 28 U.S.C. §§1131, 1338(a) and 1367.

6. Venue in this Court is proper under 28 U.S.C. §1391(b) and (c).

## III. INTERSTATE'S TRADEMARK REGISTRATIONS AND DEFENDANT'S USE OF THE MARK

7. Interstate owns all U.S. rights to certain federal trademark registrations, including, but not limited to, the following (collectively, the "Hemi-Sync Mark"):

- **HEMI-SYNC (U.S. Reg. No. 3,015,866)** in International Class 9 for prerecorded compact discs featuring instructions and materials for mental conditioning and relaxation techniques; computer programs for use in mental conditioning and relaxation techniques and International Class 41 educational services, namely, conducting classes, workshops, and retreats in the field of accelerated learning, expanded awareness, focused attention, heightened creativity, meditation, pain control, physical wellness, problem solving, profound relaxation, sleep enhancement, spiritual growth, stress reduction, pregnancy and childbirth, and behavior modification, and distributing course materials in connection therewith;

- **HEMI-SYNC (U.S. Reg. No. 2,752,799)** in International Class 42 for research in the field of self discovery and consciousness exploration;

- **HEMI-SYNC (U.S. Reg. No. 1,276,849)** in International Class 9 for recorded tape cassette used in mental conditions process; and

- **HEMI-SYNC (U.S. Ser. No. 76/697,562)** in International Class 9 for digital media, namely, downloadable audio files featuring music and content for mental conditioning and relaxation techniques.

8. Upon information and belief, EOC has purchased Interstate's federally registered Hemi-Sync Mark as a Google Adword. EOC's use of the Hemi-Sync Mark as a keyword search term triggers a sponsored link advertisement for EOC's EquiSync products and a link to EOC's interactive website to appear when a consumer searches for Interstate's Hemi-Sync process and products. A copy of EOC's sponsored link is attached as Exhibit 1.

## IV. CAUSES OF ACTION

### COUNT I
### (Infringement of the Hemi-Sync Marks in Violation of 15 U.S.C. §1114(1))

9. Interstate incorporates paragraphs 1-8 as though fully set forth herein.

10. EOC's use of the Hemi-Sync Mark in connection with the sale of its EquiSync line of products has caused confusion and/or is likely to cause confusion as to the source or origin of EOC's goods.

11. Interstate is being irreparably harmed by EOC's conduct and has no adequate remedy at law. EOC's past and continued use of the Hemi-Sync Mark constitutes intentional and willful infringement of Interstate's marks.

12. Interstate is entitled pursuant to 15 U.S.C. §1117 to recover from EOC all damages Interstate has or will sustain as a result of EOC's conduct, including but not limited to all gains, profits and market advantages gained by EOC as a result of its infringing acts, in an amount to be determined, along with appropriate injunctive relief.

## COUNT II
### (Unfair Competition in Violation of 15 U.S.C. §1125(a))

13. Interstate incorporates paragraphs 1-12 as though fully set forth herein.

14. EOC's use of the Hemi-Sync Mark is calculated to and has caused confusion and deception and/or is likely to cause confusion and deception. The public is likely to believe that EOC's goods or services originate from Interstate or are licensed, sponsored, authorized, approved, associated or connected with Interstate's business conducted under the Hemi-Sync Mark.

15. EOC has deliberately and willfully attempted to mislead the public into believing that EOC's goods and services are licensed, sponsored, authorized, approved, associated or connected with Interstate's business conducted under the Hemi-Sync Mark.

16. EOC's conduct constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

17. EOC by and through its infringing acts has made and will continue to make profits to which it is not entitled. Interstate is being irreparably harmed by EOC's conduct and has no adequate remedy at law. Interstate will continue to be irreparably harmed by Interstate's conduct unless and until EOC is enjoined from its unlawful conduct.

18. Interstate is entitled to damages from EOC resulting from EOC's conduct, including damages under 15 U.S.C. §1117.

## COUNT III
### (Common Law Trademark Infringement)

19. Interstate incorporates paragraphs 1-18 as though fully set forth herein.

20. EOC's use of the Hemi-Sync Mark in connection with the promotion, advertisement, distribution, sale and/or offering for sale of goods or services bearing the EquiSync mark violates of Interstate's common law trademark rights.

21. EOC's infringing activities are causing and/or are likely to cause confusion, deception and mistake among the general consuming public and members of the trade as to the origin of the services provided by EOC and Interstate.

22. Upon information and belief, EOC's unlawful activities are intended to capitalize on the goodwill and reputation of Interstate, which Interstate has expended substantial time, effort and resources, including financial resources, to build.

23. EOC's unlawful activities undermine, dilute and otherwise prejudice and tarnish Interstate's reputation by exploiting without authorization the goodwill associated with the Hemi-Sync Mark, on which Interstate has expended substantial time, effort and resources, including financial resources.

24. EOC's intentional and willful infringement of Interstate's Hemi-Sync Mark has caused irreparable harm to Interstate and Interstate will continue to be irreparably harmed unless and until EOC is enjoined from is unlawful conduct.

25. Interstate has no adequate remedy at law.

## VI. REMEDIES

WHEREFORE, Interstate prays for an order and judgment against EOC:

A. Providing that EOC, its agents, employees and others acting on its behalf or in concert or participation with it, be permanently enjoined from:

(i) using the Hemi-Sync Mark, or any other term or designation that incorporates the Hemi-Sync Mark in a confusingly similar manner, or any colorable

imitation thereof, or designations similar thereto, in connection with the offering, sale or promotion of products and/or services the same or similar to the products and/or services sold under the Hemi-Sync Mark.

    (ii)    committing any other act calculated or likely to cause the public or trade to believe that EOC or its business is in any way connected, licensed, sponsored, affiliated or associated with Interstate, or the business of Interstate, or from otherwise competing unfairly with Interstate; and

B.    Providing that EOC account to Interstate for all profits derived from EOC's wrongful acts of infringement, and order such profits be paid to Interstate, along with damages and costs sustained by Interstate, with appropriate interest, pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117, including treble damages.

C.    Awarding Interstate its reasonable attorneys' fees and such other compensatory damages as this Court may determine to be fair and appropriate pursuant to 15 U.S.C. §1117(a).

D.    Awarding Interstate treble damages for willful infringement pursuant to 15 U.S.C. §1117(b).

E.    Granting such other relief as this Court deems proper and necessary.

## DEMAND FOR JURY TRIAL

Interstate hereby demands trial by jury.

Respectfully submitted:

By: /s/ David J. Sensenig
David. J. Sensenig, VSB No. 41102
Gavin Law Offices, PLC
2500 Gaskins Road, Suite B
Richmond, Virginia 23238
Telephone: 804-658-1376
Facsimile: 804-784-4423
dsensenig@gavinlawoffices.com
*Counsel for Plaintiff Interstate Industries, Inc.*